# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

| | |
|---|---|
| SHARON MICHELE BAILEY | PLAINTIFF |
| V. | CIVIL ACTION NO.: 1:07-CV-249-D-D |
| LANE FURNITURE INDUSTRIES, INC. | DEFENDANT |

## MEMORANDUM OPINION GRANTING
## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Comes now before this Court, Defendant Lane Furniture Industries, Inc.'s ("Lane") Motion for Summary Judgment. After reviewing the motion, response, reply, rules, and authorities, the Court makes the following findings:

*A. Factual and Procedural Background*

Plaintiff Sharon Michele Bailey (hereinafter "Plaintiff"), was hired on May 22, 2000, as a clerical worker in Lane's Credit Department. Plaintiff, after several promotions, was promoted to Regional Credit Manager on January 4, 2004, which was a salaried management position. At all times relevant to the claims asserted by Plaintiff, Jan Coggin was Plaintiff's immediate supervisor and Ed Buchanan supervised the credit department.

In accordance with the Family Medical Leave Act (hereinafter "FMLA"), Lane utilizes a rolling twelve month period measured backward from the date an employee uses any FMLA leave to determine what, if any, leave an eligible employee would be entitled to take. *See* 29 C.F.R. § 825.200 (2008); *see also*, e.g., Hunt v. Rapides Healthcare Sys., LLC, 277 F.3d 757, 765-66 (5th Cir. 2001) (approving twelve month rolling period). On March 17, 2005, Plaintiff took approximately three of the twelve weeks FMLA leave she was eligible for, to have gallbladder surgery. Then, on October 25, 2005, due to a back problem, Plaintiff took the

remainder of her existing FMLA leave until around January 3, 2006 when Plaintiff returned to work. Plaintiff worked until March 21, 2006, when Plaintiff requested and was granted FMLA leave for two more weeks, which constituted her entire FMLA leave eligibility at that time. Plaintiff returned to work on April 4, 2006 and worked until May 18, 2006, which was Plaintiff's last day of active work at Lane. On May 19, 2006, Plaintiff was put on company-paid, non-FMLA leave until her company-paid leave expired on August 4, 2006. Plaintiff thereafter remained out on unpaid company leave until on or around September 7, 2006. On September 8, 2006, Plaintiff returned to work and presented Lane with a medical release which released her to return to work at full-duty with no restrictions.[1] However, the position of Regional Credit Manager, which Plaintiff had previously held, was filled on June 19, 2006; therefore, on September 8, 2006, when Plaintiff attempted to return to work, her previous position was no longer available. On or around September 15, 2006, Lane informed Plaintiff that it did not have a position available for her due to a lack of work and terminated her employment. Plaintiff then applied for unemployment benefits stating on her application that the reason for her unemployment was "lack of work" with Lane. Plaintiff filed her Charge of Discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC") on March 1, 2007. The Regional Credit Manager position was eliminated around April 6, 2007.[2] On November 14, 2008, Lane's entire Verona Credit Department, where Plaintiff worked, was eliminated.

Based on this termination, Plaintiff filed her Complaint on October 18, 2007, within which she contends Lane violated of her rights under the Family Medical Leave Act ("FMLA"),

---

[1] The release presented by Plaintiff on September 8, 2006, was related to a shoulder condition for which Plaintiff had never taken FMLA or company leave. Plaintiff never presented or obtained a physician's release related to her back condition for which all of her FMLA and company leaves were granted.

[2] The employee who replaced Plaintiff, Elizabeth Stephens, worked in the Regional Credit Manager position until October 11, 2006, when she also took FMLA leave. Ms. Stephens resigned her employment with Lane, effective April 6, 2007.

Title VII of the Civil Rights Act, and the Americans with Disabilities Act ("ADA"). Lane timely filed its Answer and Defenses on December 12, 2007, in which it denied all liability for Plaintiff's claims and that Plaintiff's discrimination claims were untimely. The Court finds that Plaintiff has presented no evidence of any genuine issue of material fact as to any of her claims and therefore, those claims are addressed below.

*B. Summary Judgment Standard*

Summary judgment is warranted under Rule 56(c) of the Federal Rules of Civil Procedure when evidence reveals no genuine dispute regarding any material fact, and the moving party is entitled to judgment as a matter of law. The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact. Id. at 323, 106 S. Ct. 2548. Under Rule 56(e) of the Federal Rules of Civil Procedure, the burden then shifts to the non-movant to "go beyond the pleadings and by...affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex Corp., 477 U.S. at 324; Willis v. Roche Biomedical Labs., Inc., 61 F.3d 313, 315 (5th Cir. 1995); Littlefield v. Forney Indep. Sch. Dist., 268 F.3d 275, 282 (5th Cir. 2001). That burden is not discharged by "mere allegations or denials." Fed. R. Civ. P. 56(e). Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate

substitute for specific facts showing a genuine issue for trial. TIG Ins. Co. v. Sedgwick James of Wash., 276 F.3d 754, 759 (5th Cir. 2002); SEC v. Recile, 10 F.3d 1093, 1097 (5th Cir. 1997); Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

## C. Discussion

### i. ADA Claims

The ADA prohibits discrimination against a "qualified person with a disability" on account of that disability. 42 U.S.C. § 12101(a). "The term 'qualified individual with a disability' means an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8).

Under the ADA, the term "disability" is defined as "(1) a mental or physical impairment that substantially limits one or more major life activities of such individual, (2) a record of such an impairment, or (3) being regarded as having such an impairment." 42 U.S.C. § 12102(2); 29 C.F.R. § 16302(g). While the ADA itself does not define "substantially limits," the EEOC has found that that a major life activity is "substantially limited" when (1) one is unable to perform a major life activity that the average person in the general population can perform; or (2) one is significantly restricted as to the condition, manner, or duration under which one can perform a particular major life activity in comparison to an average person performing the same major life activity. 29 C.F.R. § 1630.2(j)(1); *see also* Toyota Motor Mfg., Kentucky, Inc. v. Williams, 534 U.S. 184, 195-96, 122 S.Ct. 681 (2002). A major life activity consists of such tasks as caring for oneself, performing manual tasks, walking, seeing, hearing or working. *See* 29 C.F.R. § 1630.2(i); Cutrera v. Bd. Of Supervisors of La. State Univ., 429 F.3d 108, 111 (5th Cir. 2005); Toyota, 534 U.S. at 195. The Fifth Circuit has also ruled that "[t]emporary afflictions are not

4

2006 WL 3690741, at *4 (N.D. Miss. Dec. 11, 2006)(*citing* Hamilton v. Southwestern Bell Telephone Co., 136 F.3d 1047, 1051 (5th Cir. 1998)).

For a plaintiff to establish a prima facie discrimination claim under the ADA, the plaintiff must prove that she has a disability; the she was qualified for the job and that she was subject to an adverse employment decision because of her disability. Zenor v. El Pas Healthcare Sys. Ltd., 176 F.3d 847, 853 (5th Cir. 1999); *see also* Gowesky v. Singing River Hosp. Systems, 321 F.3d 503, 511 (5th Cir. 2003); Toyota Motor Mfg., KY, Inc. v. Williams, 534 U.S. 184, 194, 122 S. Ct. 681, 690, 151 L. Ed. 2d 115 (2002).

This District has previously addressed the issue of an alleged ADA violation based on a termination of an employee who has a back injury. *See* Morris v. Monotech of Miss., Inc, 2006 WL 3690741 (N.D. Miss. December 12, 2006). In Morris, the plaintiff alleged that he was disabled due to a hernia; however, the Court granted summary judgment finding that plaintiff failed to put forth sufficient evidence, other than his subjective opinion, to create a genuine issue of material fact that he was terminated because of his alleged disability or that his hernia was permanent or a long-term disability. Morris, 2006 WL 3690741 at *4.

In Dupre v. Charter Behavioral Health Sys. of Lafayette, Inc., Mrs. Dupre who was a health care professional on-call twenty-four hours a day and could be called to work nights and weekends suffered from degenerative disc disease. 242 F.3d 610 (5th Cir. 2001). Dupre was terminated from her employment for excessive absenteeism and filed suit under the ADA alleging that she was discriminated against on the basis of disability and because she was regarded as disabled by her employer. Dupre, 242 F.3d 610 (5th Cir. 2001). The Fifth Circuit upheld the District Court's grant of summary judgment in favor of the employer, finding that

5

while the plaintiff's back condition constituted an impairment within the meaning of the ADA, it was not a serious enough impairment to be considered a disability. Dupre, 242 F.3d at 613-14.

The Court has considered the circumstances of the case sub judice in a light more favorable to the plaintiff and is of the opinion that Plaintiff has failed to establish a prima facie case that she was "disabled" within the meaning of the ADA at the time of her termination. Plaintiff took FMLA leave for a back injury on October 25, 2005, returned to work on April 4, 2006 and worked until May 18, 2006, when she was put on company paid leave. Plaintiff admitted in her brief that her family doctor, Dr. Washington, had released her to a specialist in Birmingham and that she was in between doctors at the time she was put on leave and was unable to obtain a release until she visited the specialist in August, 2006. On September 8, 2006, Plaintiff returned to work with a release to work without restriction and presented herself as being willing and able to work "just about any job" assumedly within the Credit Department. Lane claims, and Plaintiff admits, that Lane's reason for terminating Plaintiff was that her previous position had be filled and that it did not have any other work for her. In addition, to support this assertion, Plaintiff stated on her unemployment benefits application that the reason for termination was "lack of work." Though Plaintiff did present evidence that she suffers from what has now been diagnosed as degenerative disc disease, the Court finds that Plaintiff has failed to show that at the time of her termination that her impairment significantly impacted a major life activity to the extent it was a disability.

Having failed to prove that Plaintiff was disabled, she must prove that Lane regarded her as having a disability. Under the ADA, a plaintiff is held to be "regarded as" disabled only if she: "(1) has an impairment which is not substantially limiting but which the employer perceives as substantially limiting; (2) has an impairment which is substantially limiting only because of the

attitudes of others towards such an impairment; or (3) has no impairment at all but is regarded by the employer as having a substantially limiting impairment." Rodriguez v. Conagra Grocery Prods. Co., 436 F.3d 468, 475 (5th Cir. 2006).

As stated above, Lane's stated reason for terminating Plaintiff was that her previous position had been filled and that it did not have any other comparable work for her. In addition, to support this assertion, Plaintiff stated on her unemployment benefits application that the reason for termination was "lack of work." Plaintiff contends that the fact that her previous position of Regional Credit Manager became available in April, 2007, is evidence sufficient to create a genuine material issue to survive summary judgment. However, Plaintiff failed to recognize that due to FMLA regulations, the very ones that Plaintiff is suing under, Lane was unable to fill that position until April, 2006, seven months after Plaintiff's termination. In addition, not only was the position eliminated at that time, the entire Credit Department within the Verona Lane factory was eliminated November 14, 2008. The Court finds that Plaintiff has failed to establish that the articulated reason was merely a pretext for discrimination. *See* Miller v. Southwestern Bell Telephone Co., 51 Fed.Appx 928, *3 (5th Cir. 2002)(*citing* McInnis v. Alamo Cmty. Coll. Dist., 207 F.3d 276, 282 (5th Cir. 2000).

In addition the Fifth Circuit has held found that employee is "regarded as" disabled by employer only when the employer excludes the employee from a broad range of jobs not when the employee is merely excluded from narrow range of jobs. *See* Blanks v. Southwestern Bell Communications, Inc., 310 F.3d 398, 402 (5th Cir. 2002). Dupre, 242 F.3d at 616. In her response, Plaintiff claims that she was about to work just about any job within *the credit department* but could not work out on the factory floor. Plaintiff never claimed that her back pain kept her from performing her job duties, in fact she submitted evidence that she was able to

7

execute her duties with minor accommodations that she made herself, such as bringing a heating pad. Therefore, the Court is of the opinion that Plaintiff has failed to offer any evidence, other than her own subjective opinion, that she was regarded as disabled.

### ii. FMLA Claim

The FMLA makes it unlawful for any employer to "interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided [by the FMLA]." 29 U.S.C. § 2615 (a)(1). In her Complaint, Plaintiff asserts an unspecified claim that Lane violated her FMLA rights by evading its responsibility under the FMLA to reinstate her to her previous position within Lane.

This court has previously found when an employee's discharge, or the filling of the position the employee held, occurs after the employee has exhausted the protected leave under the FMLA, she cannot establish a prima facie case that an FMLA retaliation violation has occurred. Brewer v. Amsouth Bank, 1:04CV247-P-D, 2006 WL 1522946, (N.D. Miss. May 30, 2006)(*citing* Oatman v. Fuji Photo Film USA. Inc., 54 Fed.Appx. 413, 2002 WL 31718396 (5th Cir. 2002)); Hunt v. Rapides Healthcare System, LLC, 277 F.3d 757, 763-64 (5th Cir. 2001).

Plaintiff does not allege she was denied medical leave, as she admits she received the full twelve weeks of FMLA leave to which she was entitled, during the relevant time frame. In addition, Plaintiff does not claim that Lane filled her position prematurely, which would constitute a violation of her FMLA rights.

It appears, through Plaintiff's response, that she contends Lane violated her rights by making her take FMLA involuntarily and that her company-paid leave should have been exhausted prior to her FMLA leave was used. Plaintiff relies on Hunt to support her contention that there are disputed issues of material fact as to whether Plaintiff attempted to return to work

before her FMLA leave had been exhausted. In Hunt, the plaintiff's FMLA leave expired on December 12, 1997 and there was testimony that the plaintiff called her employer sometime between November 21, 1997 and December 1, 1997 to return to work. The Court found that "the record discloses genuine issues of disputed fact material to determining whether Hunt attempted to return to work before her twelve-week FMLA leave expired and, if so, whether the Medical Center offered her a position equivalent to her prior job." Hunt, 277 F.3d at 767.

The Fifth Circuit has previously held that an employer may place an employee on involuntary leave and then count that spent leave time against the employee's FMLA leave. *See* Willis v. Coca Cola Enterprises, Inc., 445 F.3d 413, 417 (5th Cir. 2006); Moss v. Formosa Plastics Corp., 99 F.Supp.2d 737, 741 (M.D. La 2000). In addition, an employer may require a "fitness of duty" certification relevant to the employee's condition before allowing the employer to return from involuntary leave under the FMLA. *See* 29 C.F.R. § 825.310(f) and 825.311(c); *see also* Barnes v. Ethan Allen, Inc., 356 F.Supp.2d 1306, 1312 (S.D. Florida 2005) *aff'd by,* 149 Fed.Appx. 845 (11th Cir. Aug 26, 2005). In Brewer, this Court also found that the plaintiff's FMLA rights were not violated when she was terminated after her employer requested a return to work certification and she failed to provide it in a timely fashion. Brewer, 1:04CV247-P-D, 2006 WL 1522946, at *5.

In the case sub judice, Plaintiff argues that she had a partial release but could not obtain a release "without restriction" at the time Lane requested it because she could not visit the back specialist until August. However, contrary to this assertion, Plaintiff presented a complete release without restriction from Dr. Washington, her family doctor. The Court acknowledges that the release was for a shoulder injury, not for the back injury for which she was off work; however, Plaintiff never presented Lane with a release for the reason she was off of work

9

therefore, she cannot support her argument that she attempted to or could have returned to work before her FMLA leave was exhausted.

The Court is of the opinion that Plaintiff exhausted her FMLA leave over five months before she was terminated due to Lane's lack of comparable work. Plaintiff failed to present evidence sufficient to create a genuine issue of material fact that Lane violated her rights under the FMLA.

### iii. Title VII Claims

Plaintiff concedes that her claims against Ed Buchanan for sexual harassment and hostile work environment based on gender are time-barred due to the 180-day time limit imposed by Title VII.

Finally, Plaintiff contends that her claims for disability harassment and hostile work environment which resulted from Ed Buchanan's comments about her disability are not time barred because they are "part and parcel of Lane's overall hostility towards her disability, a hostility which ultimately played a major role in her termination."

Title VII of the Civil Rights Act of 1964, 78 Stat. 253, as amended, 42 U.S.C. § 2000e et seq. states the following regarding the time for filing charges:

> A charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred . . . *except that in a case of an unlawful employment practice with respect to which the person aggrieved has initially instituted proceedings with a State or local agency with authority to grant or seek relief* from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, such charge shall be filed by or on behalf of the person aggrieved within three hundred days after the alleged unlawful employment practice occurred, or within thirty days after receiving notice that the State or local agency has terminated the proceedings under the State or local law, whichever is earlier, and a copy of such charge shall be filed by the Commission with the State or local agency.

42 U.S.C.A. § 2000e-5(e)(1)(*emphasis added*).

Plaintiff admits that none the alleged acts of harassment and hostile work environment occurred after March 18, 2006, which means the alleged acts fall outside of the 180 time period within which to timely file a claim with the EEOC. However, Plaintiff argues that at least one of the alleged acts occurred within 300 days of the EEOC filing and therefore, her claims are not untimely. Plaintiff relies on Morgan, to support her contention her claims "will not be time barred so long as all the acts which constitute the claim are part of the same unlawful employment practice and at least one act falls within the time period." National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 122, 122 S.Ct. 2061, 2077, 153 L.Ed.2d 106 (2002). However, Morgan clearly states, "[a]n individual must file a charge within the statutory time period and serve notice upon the person against whom the charge is made. In a State that has an entity with the authority to grant or seek relief with respect to the alleged unlawful practice, an employee who initially files a grievance with that agency must file the charge with the EEOC within 300 days of the employment practice; in all other States, the charge must be filed within 180 days. A claim is time barred if it is not filed within these time limits." Morgan, 536 U.S. at 108.

In addition, "[i]n 2002, the Supreme Court held that discrete acts of discrimination which allegedly occurred outside the limitations period may not be heard even if those acts relate to conduct that occurs within the limitation period." Baker v. CSX Transp., Inc., 546 F. Supp. 2d 90, 96, 20 A.D. Cas. (BNA) 542 (W.D. N.Y. 2008) (*citing* National Railroad Passenger Corporation v. Morgan, 536 U.S. 101, 108-109, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002)). "As a result, even where the plaintiff claims that a discrete discriminatory act that occurred outside of the statutory time is related to an act that occurred within the statutory period, the claim regarding the untimely act may not be adjudicated by the court." Baker, 546 F. Supp. 2d at 96;

*see also* Ledbetter v. Goodyear Tire and Rubber Co., 550 U.S. 2162, 127 S.Ct. 2162, 167 L.Ed.2d 982 (2007).

Whether the alleged acts are "part and parcel" to Lane's alleged hostility or constitute on-going discriminatory acts is irrelevant. Plaintiff's attempted use of the 300 day time period instead of the 180 day time period is flawed. Plaintiff has failed to provide any evidence, case law or any State agency documents which would trigger the use of the 300 day limitation period. Plaintiff's last interaction with Ed Buchanan was May 18, 2006. Plaintiff did not file a claim with the EEOC until March 1, 2007, some 287 days after the last alleged act. Plaintiff's claims are untimely therefore barred. Further, as the Court stated above, Plaintiff has failed to establish that her is disabled or that Lane regarded her as having a disability and is therefore unable to show that Lane had any "hostility towards her disability" which would constitute disability discrimination or hostile work environment upon which a claim in violation of Title VII can be based.

## D. Conclusion

In sum, the court finds there are no genuine issues of material fact as to Plaintiff's claims and Defendant is entitled to judgment as a matter of law on all claims. Defendant's motion for summary judgment will be granted.

A separate order in accordance with this opinion shall issue this day.

This the 15th day of June, 2009.

_____
Senior Judge